C O U R T   O R I G I N A L
**********************

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)   **AMERICANS' WITH DISABILITIES ACT COMPLAINT**
**TITLE II, (ADA-2) 42 U.S.C., § 12132**

~~U.S. DISTRICT COURT~~
~~NORTHERN DISTRICT OF TX~~
~~FILED~~

# IN THE UNITED STATES DISTRICT COURT
## FOR THE ___**NORTHERN**___ DISTRICT OF TEXAS
## ___**ABILENE**___ DIVISION

2016 JUL 25  PM 1:41

**CARL DAVID JONES, #1517939**
_____
Plaintiff's Name and ID Number
**French M. Robertson Unit**
**12071 F.M. 3522**
**Abilene, Texas 79601-8799**
_____
Place of Confinement

DEPUTY CLERK _____

**1 - 1 6 C V - 1 4 4 ·**

CASE NO. _____
(Clerk will assign the number)

v.
**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, (TDCJ)**
**P.O. BOX 13084, Austin, Texas 78711-3084**
_____
Defendant's Name and Address
**BRAD LIVINGSTON, EXECUTIVE DIRECTOR, TDCJ,**
**P.O. BOX 13084, Austin, Texas 78711-3084**
_____
Defendant's Name and Address
**Brian Collier, Deputy Executive Director, TDCJ,**
**P.O. Box 13084, Austin, Texas 78711-3084**
_____
Defendant's Name and Address
( DO NOT USE "ET AL.") **(SEE ATTACHED PAGES FOR ADDITIONAL DEFENDANTS)****

**PLAINTIFF DEMANDS A TRIAL BY JURY!**
**PLAINTIFF REQUESTS A SPEARS HEARING!**

**PLAINTIFF INVOKES THIS COURT'S**
**PENDENT JURISDICTION**

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice. Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

Rev. 05/15

## FILING FEE AND *IN FORMA PAUPERIS* (IFP)

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

## CHANGE OF ADDRESS

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  PREVIOUS LAWSUITS:

    A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES **XX** NO **XX**

    B.  If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1.  Approximate date of filing lawsuit:_____**N/A**_____

        2.  Parties to previous lawsuit:    **N/A**

           Plaintiff(s)_____

           Defendant(s)_____**N/A**_____

        3.  Court: (If federal, name the district; if state, name the county.)_____

        4.  Cause number:_____**N/A**_____

        5.  Name of judge to whom case was assigned: _____**N/A**_____

        6.  Disposition: (Was the case dismissed, appealed, still pending?) __**N/A**_____

        7.  Approximate date of disposition:_____**N/A**_____

Rev. 05/15

TDCJ-CID French M. Robertson Unit

II.    PLACE OF PRESENT CONFINEMENT: __12071 F.M. 3522, Abilene, Texas 79601-8799__

III.   EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?    **XX**_YES    ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.
**(SEE ATTACHED PAGE FOR EXHAUSTION EXPLANATION)**

IV.    PARTIES TO THIS SUIT:

A. Name and address of plaintiff: **Carl David Jones, #1517939, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799 (Jones County)**

**Plaintiff Carl David Jones is Texas LIFER with no hope of parole.**

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: **Texas Department of Criminal Justice, (TDCJ) P.O. Box 13084, Austin, Texas 78711-3084**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**Failed to discharge statutory duty under Texas Government Code, "Inmate Welfare"**

Defendant #2: **Brad Livingston, Executive Director, TDCJ, P.O. Box 13084, Austin, Texas 78711-3084**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**Failed to discharge legal duties and obligations under Texas Governmnt Code, Inmate Welfare Section, and to train and control his subordinates**

Defendant #3: **Brian Collier, Deputy Executive Director, TDCJ, P.O. Box 13084, Austin, Texas 78711-3084**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**Failed to discharge legal duties and obligations delegated to him by Director Livingston, under Title 4, § 493.006(a)-(b) Texas Government Code**

Defendant #4: **Lorie Davis, Executive Director, Correctional Institutional Division, P.O. Box 99, Huntsville, Texas 77342-0099  (CID)**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**Failed to discharge delegated duties and obligations under Texas Government Code, § 493.006(a)-(b), Inmate Welfare Section.**

Defendant #5: **Robert Jay Eason, Deputy Executive Director, CID, P.O. Box 99, Huntsville, Texas 77342-0099**

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
**Failed to discharge legal duties and obligations delegated to him by Director Livingston, under Title 4, § 493.006(a)-(b) Texas Government Code**

**JUDICIAL NOTICE****

**Defendant #4, Lorie Davis, replaced William Stephens, as Executive Director, Correctional Institutional Division, (CID) of the TDCJ**

Rev. 05/15

3

## B. DEFENDANTS LIST CONTINUED FROM PAGE 1 & 3:

**Defendant #6: Ronald C. Fox, Senior Warden, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799**

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, § 493.006(a)-(b), of Texas Government Code, to enforce all of the laws of the United States, and State of Texas, and the directives and policies of the department and division, related to the daily management, and operation of the Texas penitentiary.

**Defendant #7: Adam W. Gonzales, Assistant Warden, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799**

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, § 493.006(a)-(b), of Texas Government Code, to enforce all of the laws of the United States, and State of Texas, and the directives and policies of the department and division, related to the daily management, and operation of the Texas penitentiary.

**Defendant #8: Jimmy Webb, Assistant Warden, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799**

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, § 493.006(a)-(b), of Texas Government Code, to enforce all of the laws of the United States and State of Texas, and the directives and policies of the department and division, related to the daily management, and operation of the Texas penitentiary.

**Defendant #9: Edward McQuade, Major of Security, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799**

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, § 493.006(a)-(b), of Texas Government Code, to enforce all of the laws of the United States and State of Texas, and the directives and policies of the department and division, related to the daily management, and operation of the Texas penitentiary.

**Defendant # 10: Michael Miller, Major of Security, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799**

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, § 493.006(a)-(b), of Texas Government Code, to enforce all of the laws of the United States and State of Texas, and the directives and policies of the department and division, related to the daily management, and operation of the Texas penitentiary.

**Defendant #11: Gregory G. Cruise, Food Service Manager 4, (FSM-4), French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799**

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, §§ 493.006(a)-(b), AND 501.003, Texas Government Code, to enforce all of the laws of the United States and State of Texas, and the directives and policies of the department and division related to the daily management, and operation of the Texas penitentiary.

B. DEFENDANTS LIST CONTINUED FROM PAGE 1 & 3:

Defendant #12: Patrick T. Roach, Food Service Manager 3, (FSM-3), French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, §§ 493.006(a)-(b), and 501.003, Texas Government Code, to enforce all of the laws of the United States and State of Texas, and the directives and policies of the department and the division related to the daily management, and operation of the Texas penitentiary.

Defendant #13: Beverly S. Harbour, FSM-3, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to discharge legal duty, and statutory obligation delegated to her by Executive Director Brad Livingston, under Title 4, §§ 493.006(a)-(b), and 501.003, of Texas Government Code, to enforce all of the laws of the United States, and State of Texas, and the directives and policies of the department and division related to the daily management, and operation of the Texas penitentiary.

Defendant #14: Nicholas W. Penick, Correctional Officer of Security 4, (CO-4), French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, §§ 493.006(a)-(b) and 501.003, of Texas Government Code, to enforce all of the laws of the United States, and State of Texas, and the directives and policies of the department and division related to the daily management, and operation of the Texas penitentiary.

Defendant #15: Richard Zavala, Lieutenant of Security, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, §§ 493.006(a)-(b) and 501.003, of Texas Government Code, to enforce all of the laws of the United States, and State of Texas and the directives and policies of the department and division related to the daily management, and operation of the Texas penitentiary.

Defendant #16: Karla K. Sadler, Lieutenant of Security, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to discharge legal duty, and statutory obligation delegated to her by Executive Director Brad Livingston, under Title 4, §§ 493.006(a)-(b)- and 501.003, of Texas Government Code, to enforce all of the laws of the United States, and State of Texas, and the directives and policies of the department and division related to the daily management, and operation of the Texas penitentiary.

Defendant 17: Jeremy Malacoat, CO-4, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to discharge legal duty, and statutory obligation delegated to him by Executive Director Brad Livingston, under Title 4, §§ 493.006(a)-(b) and 501.003, of Texas Government Code, to enforce all of the laws of the United States, and State of Texas, and the directives and policies of the department,

B. DEFENDANTS LIST CONTINUED FROM PAGE 1 & 3:

Defendant #18: Phillip Carlton, Unit Grievance Supervisor, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Denied Plaintiff access to the courts and an emergency grievance access to a ranking Robertson Unit supervisor, that could have ordered emergency medical treatment, to prevent heart attack, and admission to Hendricks Hospital.

Defendant #19: Jennifer D. Burt, Invetory Specialist III, (IS-3), French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Entered into conspiracy and collusion, to reward "special favored group" of physically able inmate workers by providing commissary access, while denying disabled and handicapped inmates like Plaintiff the same access to purchase alternative food stuffs from commissary.

Defendant #20: Vicki M. Phillips, Inventory Specialist II, (IS-2), French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Entered into conspiracy and collusion, to reward "special favored group" of physically able inmate workers by providing commissary access, while denying disabled and handicapped inmates like Plaintiff the same access to purchase alternative food stuffs from commissary.

Defendant #21: Janet S. Harrell, IS-2, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Entered into conspiracy and collusion, to reward "special favored group" of physically able inmate workers by providing commissary access, while denying disabled and handicapped inmates like Plaintiff the same access to purchase alternative food stuffs from commissary.

Defendant #22: Tamera J. Mueller, IS-2, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Entered into conspiracy and collusion, to reward "special favored group" of physically able inmate workers by providing commissary access, while denying disabled and handicapped inmates like Plaintiff the same access to purchase alternative food stuffs from commissary.

Defendant #23: Rebecca G. Randell, IS-2, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Entered into conspiracy and collusion, to reward "special favored group" of physically able inmate workers by providing commissary access, while denying disabled and handicapped inmates like Plaintiff the same access to purchase alternative food stuffs from commissary.

Defendant #24: Jonorah N. Tilton, IS-2, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Entered into conspiracy and collusion, to reward "special favored group" of physically able inmate workers by providing commissary access, while denying disabled and handicapped inmates like Plaintiff the same access to purchase alternative food stuffs from commissary.

## B. DEFENDANTS LIST CONTINUED FROM PAGE 1 & 3:

**Defendant #25:** Dana C. Burke, Americans With Disabilities Act Supervisor, (ADA-2), French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799.

Failed to discharge legal duty, and statutory obligation delegated to her by Executive Director Brad Livingston, under Title 4, § 493.006(a)-(b) of Texas Government Code, to enforce all of the laws of the United States and State of Texas, including the ADA-2, and the directives and policies of the department, and the division related to the daily management and operation of the Texas penitentiary.

**Defendant #26:** Paul M. Valdez, Jr., Sergeant of Security, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Impeded, delayed, and interfered with emergency medical treatment necessary to remove threat to Plaintiff's life, April 3, 2016, and caused ineffectiveness of available medication on site at the prison, and refused to allow Plaintiff to remain in metal cage in 10-Building, for phyisican's observation.

**Defendant #27:** ~~Franklin D. Holman~~ *Tanner R. Kidwell*, Correctional Officer of Security, (CO-3); French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to initiate Incident Command System (ICS) alarm after Plaintiff advised him direcctly, that he needed emergency medical treatment and believed he had just had a stroke. The failure to initiate an ICS caused the delay for medical emergency response team, to come from the infirmary to 7-Building, and delayed the necessary life saving treatment Plaintiff needed.

**Defendant #28:** Robert Martin, Unit Medical Doctor, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Failed to protect Plaintiff April 3, 2016, and April 4, 2016, and April 20, 2016, and April 22, 2016, after Plaintiff had life threatening medical problems resulting in two trips to Hendricks Medical Center, for emergency trdatment.

**Defendant #29:** Christine N. Dewbre, Unit Grievance Investigator, French M. Robertson Unit, 12071 F.M. 3522, Abilene, Texas 79601-8799

Initiated administrative conspiracy with Phillip Carlton, and Adam W. Gonzales at the Step 1 unit level, to deny Plaintiff administrative emergency remedy that resulted in life threatening heart attack, and transfer to Hendricks Medical Center, in downtown Abilene, Texas, one day later.

**Defendant #30:** M. Blalock, Region VI official, Region VI Director's Office, 1002 Carroll Street, Gatesville, Texas 76528

Joined administrative conspiracy initiated by Phillip Carlton, and Christine N. Dewbre, and Adam W. Gonzales, to circumvent and avoid legislative intent to provide administrative emergency remedy after Plaintiff suffered a life threatening heart attack, and was transfered to Hendricks Medical Cnter.

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT. Paragraph #1: Plaintiff Carl David Jones, had a stroke April 3, 2016, in 7-Building, G-wing, 7-cell, 1-section, on B-side, of the French M. Robertson Unit, in Jones County, Abilene, Texas. As a result of the emergency medical situation, other inmates assisted Plaintiff with alerting security that Plaintiff needed immediate medical attention. Correctional Officer 3 ~~Franklin P.~~ *Tanner* ~~Hollman,~~ *Kidwell*, responded to the inmate's efforts and notified Sergeant Paul M. Valdez, Jr., that Plaintiff claimed he was having a stroke, and needed medical attention. Sergeant Valdez, failed to comply with the protocol for an emergency medical situation by initiating an Incident Command Situation (ICS) and instead stood in front of 7G-wing, 1-section, 7-cell, and confronted Plaintiff and cursing him, stating "you ain't no fucking doctor, you don't know if you're having a stroke." (SEE ATTACHED PAGES FOR ADDITIONAL PARAGRAPHS STATING CLAIMS)****

VI.   RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. (1) Emergency Injunctive Relief, (2) Permenant injunctive relief; (3) reasonable attorney fees and other cost of court; (4) trial by jury; (5) Declaratory judgements, (6) punitive damages, (7) nominal damages, (8) compensatory damages; (9) any other relief the court deems Plaintiff is entitled to under the law.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.
   N/A NONE

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.
   N/A NONE

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  _____ YES **XX** NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): **N/A**
   2. Case number: **N/A**
   3. Approximate date sanctions were imposed: **N/A**
   4. Have the sanctions been lifted or otherwise satisfied?  **N/A**  _____ YES _____ NO

## V. STATEMENT OF CLAIMS CONTINUED, PAGE 4, PARAGRAPH #1:

After a significant delay, from the time that Officer Hollman, was first notified and alerted that Plaintiff needed emergency medical treatment, and the time when Sergeant Valdez actually stood in front of Plaintiff's assigned housing in 7G-wing, Plaintiff was allowed to exit his cell with Sergeant Valdez escorting him, to the front of the building next to the security desk by the exit and entrance to 7-Building. Upon reaching the security desk, Sergeant Valdez delayed the exit from 7-Building to the prison's infirmary further. Finally, Sergeant Valdez escorted Plaintiff from 7-Building, to 10-Building, where the French M. Robertson Unit's infirmary is located.

**Paragraph #2:** Dr. Robert Martin, examined Plaintiff and stated the available medication at the prison would be ineffective because of the delay getting Plaintiff from 7-Building, to 10-Building, where treatment was available. Dr. Martin, wanted to place Plaintiff inside of the metal security cage located outside of the infirmary for observation. Sergeant Valdez objected to the doctor's treatment plan, and Dr. Martin yielded to the pressure from Sergeant Valdez, and Plaintiff was returned to 7-Building, G-wing, 1-section, 7-cell, without treatment.

**Paragraph #3:** April 4, 2016, Plaintiff was transfered from the prison at the French M. Robertson Unit, to Hendricks Hospital, and admitted and treated, then returned to the prison. As a direct result of the delay, impediments, and interference from Sergeant Valdez, April 3, 2016, Plaintiff suffered severe pain, in his left eye, and the left side of his face was twisted up, and his jaws hurt, and he had pounding headaches. Upon his return to the prison at the Robertson Unit, Dr. Martin, failed to have Plaintiff assigned new housing in the back of the prison's infirmary, and allowed Plaintiff to be housed in 7-Building, with no emergency intercom to call for assistance in the cell.

### APRIL 3, 2016, NONEMERGENCY ROUTINE LOCKDOWN

**Paragraph #4:** April 3, 2016, at 6:00p.m., TDCJ authorized Ronald C. Fox, in his official capacity, to place the French M. Robertson Unit, on lockdown status, to conduct the bi-annual search of the prison's buildings, and inmate's personal property. The department authorization was carried out, and the prison went on nonemergency lockdown status. As a result of the change in status, inmates were required to have a security escort when moving from their assigned housing, to any destination at the prison facility.

**Paragraph #5:** April 4, 2016, Gregory Cruise, Food Service Manager IV, (FSM-4), canceled and discontinued all of the prescribed insulin dependent inmate patients' dietary food service, and replaced it with a sugar based diet 3X daily. Additionally, FSM-4 Cruise, discontinued the dietary prescribed "PM Snacks" and replaced them with the fourth sugar based food service for insulin dependent inmate patients during the routine lockdown.

**V. STATEMENT OF CLAIMS CONTINUED, PAGE 4, PARAGRAPH #6:**

**Paragraph #6:** Beginning at breakfast April 4, 2016, FSM Cruise, discontinued, the prescribed treatment, requiring food service accomodations, to enhance the insulin injections, provided to state dependent patients under Dr. Martin's care. FSM Cruise, substituted peanutbutter and grape jelly, and peanutbutter and syrup sandwiches, and peanutbutter and jelly or peanutbutter and syrup, smeared between pancakes, and Frosted Flakes fifty percent of the meals including lunch, and supper. FSM Cruise ignored numerous written complaints, notifying him that the cancelation of, and the impediments to, and the failure to provide adequate prescribed dietary accomodations for insulin dependent inmate patients during the nonemergency routine lockdown was unacceptable, and violated the Eighth Amendment, U.S. Constitution. FSM Cruise continued to violate the Eighth Amendment, in this manner, until the lockdown was lifted April 22, 2016.

### PLAINTIFF'S ATTEMPTED EMERGENCY STEP 1 GRIEVANCE
### GRV NO. 2016124724, April 11, 2016

**Paragraph #7:** April 11, 2016, Plaintiff attempted to file an emergency Step 1 grievance after having a stroke, and after blood sugar levels registered above 500 onApril 9, 2016. April 12, 2016, Plaintiff's Step 1 emergency grievance was stamped, by Phillip Carlton, and marked #9, "redundant" refering to Step 1 grievance #1216123947. April 19, 2016, Phillip Carlton, came to the cell door of Plaintiff's assigned housing, and returned the emergency grievance stating that "if Plaintiff deposited it again in the grievance box, 'he would not get it back." No effort was made to get emergency administrative review after that based on the April 9, 2016, threat to Plaintiff's health and safety because of the threat by Phillip Carlton.

**Paragraph #8:** April 20, 2016, one day after Phillip Carlton, came to Plaintiff's cell in 7H-1 section, G-wing, Plaintiff had a heart attack, and was transfered by ambulance, from the prison to Hendricks Hospital and admitted for life saving treatment. Because of the blatant and flagrant misconduct resulting in the denial of administrative review by Ronald C. Fox, Senior Warden, under the emergency grievance policy, Plaintiff was placed at unnecessary risk, and subjected to blatant and flagrant reckless disregard for the law, and subjected to blatant and flagrant calloused and deliberate indifference that 'did' cause the delay in medical treatment that could have prevented the heart attack, and hospitalization by ambulance April 20, 2016.

**Paragraph #9:** April 22, 2016, Plaintiff was returned to prison from Hendricks Hospital, and Dr. Martin, failed to order his housing transfer to the back of the prison infirmary. As a direct result of the omission by Dr. Martin, Plaintiff was placed at risk of subsequent heart attacks or strokes, or other diabetic complications, and subjected to the threat to his health and safety caused by the inappropriate misconduct from FSM Cruise, and the additional impediments, delays in treatment, and the obstuctions created by security resulting from additional employee misconduct during the nonemergency lockdown.

**V. STATEMENT OF CLAIMS CONTINUED, PAGE 4, PARAGRAPH 10:**

**Paragraph 10:** Plaintiff suffered damage and experienced severe pain in his jaw as a result of the April 3, 2016, attack while trapped in his cell, at 7G-07, 1-section, and as a result of the damage, and the fact that Plaintiff does not have a single tooth in his mouth, Dr. Gonzalo Aillon, issued Plaintiff a slow eating pass, where Plaintiff had authorization to remain in the prison's dinning area beyond the normal time to eat. Upon discovering that Plaintiff possessed a slow eating pass from Dr. Aillon, Correctional Officer Jeremy Malacoat confiscated the pass and kept it, and after the nurses reissued the slow eating pass, Lieutenant Richard Zavala, impeded, interfered with, and delayed Plaintiff's prescribed medical treatment, by ordering Correctional Officer Harli Wallis, to confiscate the second pass. Plaintiff surrendered the pass and as a result of the calloused and deliberate indifference Plaintiff was subjected to by Correctional Officer Malacoat, and Lieutenant Zavala, Plaintiff was subjected to severe pain trying to eat his prescribed meals with no teeth, and after being stricken April 3, 2016, and April 20, 2016.

**Paragraph 11:** As a direct result of the damage done April 3, 2016, by the delay in access to medical treatment, Plaintiff was required to wear a patch over his left eye. Subsequently to the APRIL 3, 2016, Attack, Plaintiff experienced loss of vision in his left eye, and Plaintiff's left eye became weaker.

**Paragraph 12:** April 12, 2016, Plaintiff was subjected to blatant and flagrant discrimination, and disparity because of his physical disabilities by Jennifer D. Burt, Vicki M. Phillips, Rebecca G. ₪ Randle, Janet S. Harrell, Tamera J. Mueller, and Jonorah N. Tilton, acting in collusion, and in agreement with Adam W. Gonzales, Jimmy Webb, Edward McQuade, Michael Miller, by creating a "special favored group" of physically fit prison inmates that were granted commissary access during the lockdown for working, and provided hot wholesome meals, with extra portions of the main course, as a reward for being chosen as a member of the unit workers during the nonemergency lockdown. Plaintiff had money in his TDCJ trust fund account, and was not on commissary restriction April 12, 2016, but because of Plaintiff's physical disabilities and assignment to the Inside Medical Squad, he was purposefully targeted to be passed over and subjected to administrative disparity, and discrimination in the selection process for the unit activity and program that the favored group was rewarded with, and received. Additionally, inmate workers got daily showers, and clean clothes because of the discrimination.

**Paragraph 13:** From April 3, 2016, until April 22, 2016, the Texas Department of Criminal Justice, at the Correctional Institutional Division, in Jones County, had a legal duty and statutory mandate to manage and operate the Texas prison system by enforcing 'all of' the laws of the United States and the State of Texas, pursuant to the Texas Legislature, under the Inmate Welfare Section, of the Government Code, § 493.006(a)-(b), that are related to the daily management and operation of the prison facilities. The department **'breached its duty'** and **'failed to comply with, and to enforce** the statutes governing the prison.

V. STATEMENT OF CLAIM CONTINUED, PAGE 4, PARAGRAPH 14

Paragraph 14: Acting in bad faith, knowing and intentionally practicing administrative, and security ostrism, Adam W. Gonzales, Jimmy Webb, Michael Miller, Edward McQuade, and Captain Greg Cruise, did violate Title 4, § 501.003, of the Texas Government Code, and the Eighth Amendment, to the United States Constitution, from April 3, 2016, until April 22, 2016, by impeding, and canceling prescribed medical treatment in the form of dietary accomodations, for insulin dependent diabetic inmates like me, inspite of their established legal duty and obligation under the laws of the United States, and the State of Texas.

Paragraph 15: April 3, 2016, until April 22, 2016, Brad Livingston, Executive Director, TDCJ, Brian Collier, Deputy Director, TDCJ, Lorie Davis, Executive Director, Correctional Institutional Division, of the TDCJ, Robert Jay Eason, Deputy Executive Director, of the Correctional Institutional Division, of the TDCJ, and Eric Guerrero, Region VI, Director, of the TDCJ, at the CID, had a well established legal duty, and employment obligation to control, and supervise Ronald C. Fox, Senior Warden, Adam W. Gonzales, Assistant Warden, Jimmy Webb, Assistant Warden, Edward McQuade, Major of Security, Michael Miller, Major of Security, Greg Cruise, Food Service Manager 4, at the French M. Robertson Unit, during the routine nonemergency lockdown, and in their official and individual capacities as Texas prison executives, failed to control their subordinates, and enforce the policies and directives of the department, and the division, and as a direct result of the derilictions of those duties and employment obligations owed, Plaintiff was harmed and prejudiced in their custody, by the unconstitutional omissions and misconduct, of the Robertson Unit managers and supervisors.

_____

Paragraph 16: April 14, 2016, Plaintiff notified Dana C. Burke, French M. Robertson Unit's ADA-2 Supervisor, that the Act was being violated, and requested that she take the remedial action necessary to enforce the law, and the Act, in her official capacity. No remedial action resulted from Plaintiff's formal written notice to Defendant Burke.

Paragraph 17: April 9, 2016, Plaintiff submitted a formal written notice directly to Defendant Gregory G. Cruise, that he was being denied the prescribed food service accomodation necessary to enhance his prescribed treatment for diabetes. Defendant Cruise ignored the formal written notice from Plaintiff, and no remedial action was taken to stop the impediments, delays, and interference with Plaintiff's medical treatment plan.

Paragraph #18: May 4, 2016, Plaintiff notified Dana C. Burke, in her official capacity as the ADA-2 Supervisor, that during the nonemergency routine lockdown, that physically able inmates selected for participation in the "favored work group" were provided with access to prgrams and activities that he was denied in violation of the ADA-2, because of his physical disabilities. Defendant Burke ignored the notice and failed to take the remedial action necessary, to investigate the violations of ADA-2, and Plaintiff's claims of discrimination.

**V. STATEMENT OF CLAIM CONTINUED, PAGE 4, PARAGRAPH #19:**

Paragraph #19: June 30, 2016, Defendant M. Blalock, from the TDCJ-CID Region VI Director's Office, joined the administrative conspiracy initiated by Defendants Adam W. Gonzales, Phillip Carlton, and Christine N. Dewbre, to circumvent the Legislative intent under Title 4, Section 501.008, of the Government Code, and knowingly, intentionally, and deliberately, acting in bad faith, with reckless disregard for the laws of the United States, and the State of Texas, including Title 4, Section 493.006 (a)-(b), under the Government Code, and wrote a bogus Step 2 answer thereby denying Plaintiff a legitimate administrative resolution intended by the Legislature, to provide an agency remedy within the department for this kind of inmate complaint, about the daily operation and management of employee misconduct at a state owned and operated prison facility. <u>Grievance Number 2016131447, Returned To Plaintiff July 8, 2016.</u>

Paragraph #20: Beginning April 19, 2016, Defendant Phillip Carlton, and his assistant Defendant Christine N. Dewbre, acting in agreement to aid and abet Defendants Gregory G. Cruise, Defendant Adam W. Gonzales, Defendant Edward McQuade, Defendant Jimmy Webb, Defendant Michael Miller, and Defendant Ronald C. Fox, avoid the limitations and restrictions placed on them by the laws of the United States, and the State of Texas, including the statutory provision under the Texas Government Code, "Inmate Welfare Section" Title 4, Section 501.003, Section 501.008, and Section 493.006(a)-(b), by using intimidation did launch an administrative conspiracy, by refusing to process Plaintiff's emrgency Step 1 grievance, one day before Plaintiff had a life threatening heart attack requiring transfer from the prison, to Hendricks Medical Center, on April 20, 2016.

Paragraph #21: May 26, 2016, Adam W. Gonzales, joined the administrative conspiracy to circumvent and avoid the legislative intent initiated by Phillip Carlton, and Christine N. Dewbre, at the French Robertson Unit, by failing to conduct an independent investigation regarding the serious claims Plaintiff asserted in Grievance Number 2016131447, which included the claim that as a result of the employee misconduct by Phillip Carlton, and Christine N. Dewbre, Plaintiff suffered a life threatening heart attack one day later. Instead to advance the original conspiracy initiated by Phillip Carlton, and Christine N. Dewbre, Defendant Gonzales, rubber stamped the unit level Step 1 recommended response and answer provided by Phillip Carlton, and Christine N. Dewbre, thereby pushing the Title 4, § 501.008 process to the next level, and necessiting the Step 2 process, causing the additional delay and denying Plaintiff an administrative resolution within the agency to avoid the necessity of having to petition the courts for redress.

Paragraph #22: June 30, 2016, M. Blalock, Region VI official, joined the administrative conspiracy to circumvent and avoid the legislative intent initiated by Phillip Carlton, and Christine N. Dewbre, and ~~joined~~ by Adam W. Gonzales, at the French Robertson Unit, by providing the Step 2 answer for grievance Number 2016131447, by ignoring the content of the Step 2 and Step 1 Grievance Number 2016131447, and failing to conduct an independent investigation including examining the Step 1 emergency grievance returned to Plaintiff, before concluding that no remedial action was necessary, and before falsifying an official state government record and document, depriving Plaintiff of the formal administrative remedy intended within the department by the Texas Legislature's enactment of Title 4, § 501.008(d), Government Code.

V. STATEMENT OF CLAIM, PAGE 4, CONTINUED PARAGRAPH #23:

**Paragraph #23: April 9, 2016,** Plaintiff notified Defendant Gregory G. Cruise, in writing, that he was not receiving his prescribed dietary treatment ordered by his treating physician before the routine nonemergency lockdown, in a formal letter, sent by agency truck mail. Defendant Cruise ignored the formal written complaint and notice, and failed to, and refused to take the remedial action necessary to stop the calloused and deliberate indifference Plaintiff was being subjected to, and failed to, and refused to stop the impediments, delays, and inteference of Plaintiff's treatment plan, in violation of the Eighth Amendment, U.S. Constitution, and Title 4, § 501.003, Government Code.

**Paragraph #24: April 9, 2016,** Plaintiff notified Lora Standley, Medical Records Custodian, in writing that he was not receiving his prescribed dietary accomodation from Gregory G. Cruise. Ms. Standley responded that "there is nothing else I can do, after I sent the e-mail to Captain Cruise.

**Paragraph #25: April 10,,2016,** Plaintiff notified and complained directly to Dennis Melton, Hospital Administrator, at the French M. Robertson Unit, regarding the mistreatment and abuse he was subjected to during the routine nonemergency lockdown April 3, 2016, until April 22nd, 2016. Dennis Melton, ignored Plaintiff's notice, and complaint, and failed to contact any of the senior ranking security supervisors at the prison in response to Plaintiff's formal written notice and complaint.

VI. RELIEF REQUESTED CONTINUED, PAGE 4,

CAUSE OF ACTION WHERE RELIEF CAN BE GRANTED:

42 U.S.C., § 1983, provides a cause of action whereby relief can be granted to enforce and protect constitutional rights. Plaintiff's claims for violations of his First, Eighth, and Fourteenth Amendment rights, under the United States Constitution, can be granted under this statutory provision by Congress.

CAUSE OF ACTION NUMBER TWO

42 U.S.C., § 12132, Title 2, the American's With Disabilities Act, (ADA-2) provides a cause of action whereby relief can be granted after Plaintiff, was subjected to blatant and flagrant discrimination during the selection process of inclusion for privileges extended to physically fit inmate workers, that wwere denied to Plaintiff because of his physical disabilities and physical limitations on work.

CAUSE NUMBER THREE

The Eighth Amendment, under the United States Constitution, provides a cause of action for which relief may be granted after Plaintiff was subjected to calloused and deliberate indifference towards his serious medical needs, by the impediments, delays, and interference with his prescribed treatment plan, including dietary accomodations to enhance his insulin dependency for life threatening diabetes.

CAUSE NUMBER FOUR

The Eighth Amendment, under the United States Constitution, provides a cuause of action for which relief may be granted after prison officials knew Plaintiff was suffering from a stroke or an attack from Bell's Palsy, April 3, 2016, and ignored the life threatening condition, returning Plaintiff to his prison cell assignment, and abandoning Plaintiff, until April 4, 2016, when Plaintiff was transfered to a free world hospital.

CAUSE NUMBER FIVE

The First Amendment, under the United States Constitution, provides a cause of action for which relief may be granted after prison officials conspired to deprive Plaintiff and did deprive Plaintiff of his right to petition the Government for redress of his grievances one day before Plaintiff had a heart attack.

CAUSE NUMBER SIX

The First Amendment, under the United States Constitution, provides a cause of action for which relief may be granted after prison officials conspired to deprive Plaintiff and did deprive Plaintiff of his right to access to the courts, by improperly refusing to process Step 1 administrative grievances to qualify to complain to the Judiciary.

VI. RELIEF REQUESTED CONTINUED, PAGE 4,


CAUSE NUMBER SEVEN

The Fourteenth Amendment, under the United States Constitution's 'Equal Protection Clause' provides a cause of action for which relief may be granted after Plaintiff was subjected to targeted purposeful discrimination based on his physical disabilities disqualifying him for privileges and normal food service, extended to physically fit selected inmate workers during a routine nonemergency lockdown beginning April 3, 2016, and ending April 22, 2016, at the French M. Robertson Unit.

CAUSE NUMBER EIGHT

Plaintiff has invoked this Court's pendent jurisdiction for his state law claims, and Title 4, § 501.008(d), provides a cause of action for which relief can be granted under Title 4, § 501.003, of the Government Code.

CAUSE NUMBER NINE

Plaintiff has stated a claim under Title 4, § 500.001, of the Texas Government Code, whereby relief can be granted for the targeted and purposeful discrimination prison officials subjected him to during the April 3, 2016, until April 22, 2016, routine nonemergency lockdown ended.

CAUSE NUMBER TEN

Plaintiff has stated a claim for which relief may be granted under 42 U.S.C., § 1997e (1996), Prisoner's Litigation Reform Act, passed by Congress, to provide access to the Federal Judiciary for state inmates, after completing administrative exhaustion.

C.  Has any court ever warned or notified you that sanctions could be imposed? _____ YES ✓ NO

D.  If your answer is "yes," give the following information for every lawsuit in which a warning was issued.
    (If more than one, use another piece of paper and answer the same questions.)

    1.  Court that issued warning (if federal, give the district and division): _N/A_

    2.  Case number: _N/A_

    3.  Approximate date warning was issued: _N/A_

Executed on: _July 15, 2016_
             DATE

_Carl D. Jones #1517939_

_Carl D. Jones Mr. Carl D. Jones #1517939_
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1.  I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2.  I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3.  I understand I must exhaust all available administrative remedies prior to filing this lawsuit.

4.  I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5.  I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _Mr. Carl D. 22_ day of _July_, 20 _16_.
            (Day)                  (month)          (year)

_Carl D. Jones #1517939_

_Mr. Carl D. Jones #1517939_
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

Carl David Jones
#1517939, Robertson Unit
12071 F.M. 3522
Abilene, Texas 79601-8799

<u>Sent Via First Class Regular Mail</u>



RECEIVED
JUL 2 5 2016
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Ms. Marsha Elliott, Deputy Clerk
United States District Court
N.D. of Texas, Abilene Division Room 2008
341 Pine Street, Post Office Building
Abilene, Texas 79604

    Re:Filing Rule 8 Complaint, to iniate § 1983, & ADA-2
complaint, with request for IFP status.

Dear Ms. Elliott:

    Please find enclosed the original, and a copy of my Rule
8 complaint, pursuant to the Federal Rules of Civil Procedure,
to initiate my federal civil action with the court. Please file
this with the court, and bring this matter to the court's
attention as soon as your time permits.
    Additionally, please find enclosed the documents necessary
to apply for IFP status with the court, and the TDCJ Inmate
Trust Fund verification in compliance with the statute.
    Finally, I am enclosing a self addressed stamped envelope
for your convenience, and ask you to please stamp my copy of
this cover letter "Filed" and return it to me for my records.
    I would sincerely appreciate your assistance, with making
the court aware of the 'immenent threat to my health and safety'
as recently as July 7, 2016, when Patty Poe, LVN, stopped me
from informally attempting to get resolution of this threat,
after she admitted that administrative clerks from the countroom
here at the prison "[called her]" and enlisted her to assist
them with deleting 'life saving' heat restictions' prescribed
by my treating physician for administrative convenience sake.
I point out to you, and the court, that we have just experienced
101° plus heat, with the index in access of 106°, and the nation
being warned to, stay out of the heat. What Nurse Poe, and the
administrative Clerk did is beyond improper conduct, after TDCJ's
failure to address the heat problem has resulted in the death
of ten inmates already, and continues to cause numerous inmates
here in Jones County, to suffer from heat related illnesses
daily, that require medical treatment to prevent death again.
Texas faces a fifty million dollar lawsuit for the wrongful
death, of those ten dead inmates. The case has been filed in Austin.
Seven attorneys, are representing the Plaintiffs from Austin.
    Thank you, for all of your time and assistance with this.

                    Respectfully your's,

                    M. Carl D. Jones #1517939
                    Carl David Jones, Pro Se



David Jones
'939 Robertson West
Ft. Worth
2016
Texas 7960 1 - 8799

GAL MAIL

Marsha Elliot, District Clerk
U.S. District Court N.D. Texas
Abilene Division, Room 2008
P.O. Box 1218
Abilene, Texas 79604

RECEIVED
JUL 25 2016
CLERK